<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SARA L. SHRIQUI,<br><br>               Plaintiff,<br><br>        v.<br><br>BELINDA BTESH,<br><br>               Defendant. | Civil Action No. 25-1042 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Plaintiff Sara L. Shriqui's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 13). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's first cause of action shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's second cause of action, however, shall proceed.

**I.    <u>BACKGROUND</u>**

This matter involves a dispute regarding a Facebook post and Facebook Live video that Defendant Belinda Btesh ("Defendant") made about Plaintiff on January 14, 2025, and February 2, 2025, respectively. (Compl. ¶¶ 9, 17, ECF No. 1.) Specifically, Defendant posted that: (1) Plaintiff brought "drug-addicted individuals [into]" Defendant's home to steal her jewelry and

other valuables; (2) Plaintiff was a drug addict; (3) Plaintiff stole checks and cashed them; and (4) Plaintiff was involved in a "fraudulent check-stealing scheme by assisting another woman in gaining access to people's homes in order to steal checks[.]" (*Id.* ¶¶ 12-15.) In the Facebook Live video, Defendant claimed that Plaintiff was a danger to her children and that her children should be taken away from her. (*Id.* ¶¶ 17-18.) Plaintiff alleges that because of the posts she has received numerous unsolicited communications and had "various individuals from the Syrian Jewish community" contact and harass her immediate family members. (*Id.* ¶ 20.) Plaintiff has further been subjected to ongoing harassment and other unwelcome communications. (*Id.* ¶ 21.)

## II.    **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

2

conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>DISCUSSION</u>

In her Complaint, Plaintiff raises two causes of action against Defendant: (1) intentional infliction of emotional distress ("IIED") ("First Cause of Action"); and (2) defamation ("Second Cause of Action"). (Compl. ¶¶ 19-30.) Having reviewed the Complaint, the Court finds no basis to dismiss Plaintiff's defamation claim and will therefore permit Plaintiff's Second Cause of Action to proceed. Plaintiff's First Cause of Action, however, is deficient.

In order to make out an IIED claim pursuant to New Jersey law, a plaintiff must adequately allege that: (1) the defendant acted intentionally; (2) the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; (3) the defendant's actions proximately caused the plaintiff emotional distress; and (4) that distress was "so severe that no reasonable [person] could be expected to endure it." *Soliman v. Kushner Co.*, 77 A.3d 1214, 1229 (N.J. Super. Ct. App. Div. 2013) (quoting *Segal v. Lynch*, 933 A.2d 1229, 1241-42 (N.J. Super. Ct. App. Div. 2010)).

Here, the Court finds that Plaintiff has not sufficiently stated a claim of IIED because she has failed to allege that Defendant's Facebook posts rose to the level that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *L.C. v. Middlesex Cnty. Prosecutor's Off.*, No. A-3654-18, 2021 WL 1327169, at *19 (N.J. Super. Ct. App. Div. Apr. 9, 2021) (quoting *Buckly v. Trenton Sav. Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988)). "Courts have refused to impose liability in cases involving more outrageous conduct than here." *Botts v. N.Y. Times Co.*, No. 03-1582, 2003 WL 23162315, at *9 (D.N.J. Aug. 29, 2003), *aff'd sub nom, Botts v. N.Y. Times Co.*, 106 F. App'x 109 (3d Cir. 2004); *see e.g., Ramirez v. United States*, 998 F. Supp. 425, 434 (D.N.J. 1998) (dismissing IIED claim where plaintiff was detained for over two and half hours based on an unreasonable assumption that he was a person named in a warrant); *Zamboni v. Stamler*, 847 F.2d 73, 80 (3d Cir. 1988) (finding IIED claim insufficient where defendant constantly harassed plaintiff in workplace causing physical and psychological problems). Being falsely accused of a crime, moreover, is insufficient to establish that "a person acted in an extreme or outrageous manner." *United States. ex rel. Magid v. Wilderman*, No. 96-4346, 2005 WL 469590,

at *5 (E.D. Pa. Feb. 28, 2005) (explaining that "[f]alse accusations of crime[s] have been held insufficient to meet" the extreme or outrageous "definition[,]" and that "being falsely accused of a crime . . . does not rise to the level of extreme and outrageous conduct that has been found to permit a recovery for [IIED]" (internal quotation marks and citations omitted)).

The Court, accordingly, dismisses Plaintiff's First Cause of Action.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's First Cause of Action is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's Second Cause of Action, however, shall proceed.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: _____2/17/___, 2026

5